1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   ADAM NELSON, individually and on )   1:08-cv-0678 OWW GSA
    behalf of all others similarly   )
10  situated,                        )    SCHEDULING CONFERENCE ORDER
                                     )
11                    Plaintiff,     )    Discovery Conference:
                                     )    9/17/08 8:15 Ctrm. 3
12       v.                          )
                                     )    Motion for Class
13  GUILD MORTGAGE COMPANY,          )    Certification Filing
                                     )    Deadline: 1/14/09
14                    Defendant.     )
                                     )    Opposition Filing Deadline:
15  _____ )    2/13/09

16                                        Reply Filing Deadline:
                                          3/6/09
17
                                          Hearing on Motion for Class
18                                        Certification: 3/30/09
                                          10:00 Ctrm. 3
19

20

21  I.    Date of Scheduling Conference.

22        August 20, 2008.

23  II.   Appearances Of Counsel.

24        Seeger Weiss LLP by Mary Schimmel, Esq., appeared on behalf

25  of Plaintiff.

26        K&L Gates LLP by Irene C. Freidel, Esq., appeared on behalf

27  of Defendant.

28  ///

                                  1

III.   Summary of Pleadings.

Plaintiff's Statement

1.   This is a putative class action.  Plaintiff filed his complaint on May 14, 2008.  The complaint asserts six causes of action and seeks a variety of legal remedies.  There are two contract causes of action: breach of contract (Count 5) and breach of the implied covenant (Count 6).  The Unfair Competition Law, Business and Professions Code §§ 17200 et seq., is the basis for two causes of action (Counts 2 and 4).  The Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., is the basis for an additional cause of action (Count 1).  Plaintiff also asserts a cause of action for fraudulent omissions (Count 3).  By Joint Stipulation of the parties, Defendant's Answer to the Complaint was filed on August 8, 2008.

2.   Plaintiff, individually and on behalf of class members, alleges Defendant failed to make adequate disclosures in violation of TILA in connection with the Option ARM home loan Defendant sold to Plaintiff and other California consumers. Plaintiff alleges that the Option ARM loans and the documents Defendant used to sell them violate TILA.  Plaintiff contends that TILA requires all lenders, including Defendant, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiff alleges that Defendant failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (a) the actual interest rate Defendant charged Plaintiff and consumers on their loans; (b) the payments on the notes at the initial low interest

1   rate absolutely would result in negative amortization and that

2   the principal balance absolutely would increase as a result; and

3   (c) that the initial interest rate provided was discounted and

4   does not reflect the actual interest that Plaintiff, and others,

5   were paying on the loans.  Plaintiff seeks the right of

6   rescission, individually and on behalf of the Class, under TILA,

7   as well as damages.

8       3.   Plaintiff further alleges that Defendant violated

9   California's UCL.  Plaintiff has alleged two separate causes of

10  action for violations of the UCL (Cal. Bus. & Prof. Code

11  §§ 17200, et seq.)  One UCL cause of action is premised on the

12  "unlawful" prong of the UCL and is predicated solely on

13  Defendant's failure to comply with TILA.  The other UCL cause of

14  action is premised on the "unfair" and "fraudulent" prongs of

15  Plaintiff's UCL; it is based on allegations that Defendant sold

16  deceptive financial products to consumers.  Plaintiff seeks

17  restitution and equitable relief on these claims.

18      4.   Last, Plaintiff alleges that Defendant breached the

19  express terms of the written contract entered by and between

20  Plaintiff and Defendant by failing to apply any portion of

21  Plaintiff's loan payments, which were based on the initial low

22  interest rate, to reduce the principal balance on the loan.

23  Defendant also failed to provide the low interest rate to

24  Plaintiff's loan in the manner agreed by the parties.  Plaintiff

25  seeks damages and/or other equitable relief on these causes of

26  action.

27      **Defendant's Statement**.

28      1.   Defendant Guild Mortgage Company denies that it is

                              3

liable to Plaintiff Adam Nelson in any respect.  This case turns on disclosures that were provided to Mr. Nelson and each putative class member by their mortgage broker and/or Guild Mortgage when their Option ARM loans were originated, processed and/or closed. An Option ARM loan has an adjustable interest rate and allows the borrower to make one of several possible payment amounts each month ranging from a minimum payment amount, which may cause negative amortization to occur, to a fully-amortized 30-year (or 15-year) payment.  Plaintiff applied for and obtained his Option ARM loan and, in the process, received and signed several disclosures from Guild Mortgage, including a Note and Adjustable Rate Program Disclosure, that disclosed the terms and operation of his loan.  The question raised by Plaintiff's claims on the merits is whether the disclosures Plaintiff received, prior to loan funding, regarding the terms and operation of his Option ARM loan were adequate and appropriate in light of applicable legal requirements.  Guild Mortgage contends that Plaintiff's claims do not have a factual or legal basis.  The written disclosures Plaintiff received and signed complied in all respects with TILA; the terms and operation of Plaintiff's loan were otherwise properly disclosed to him; and he knowingly and voluntarily agreed to those terms.  Thus, there is no basis for Plaintiff's claims under federal or state law.

2.    Further, Guild Mortgage contends that Plaintiff's claims are not appropriate for certification.  For example, Plaintiff's claims are based on individualized disclosure issues, and as such, Plaintiff will not be able to satisfy the requirements for certification under Fed. R. Civ. P. 23.

1  Similarly, Plaintiff's claim that Guild Mortgage violated TILA

2  entitling Plaintiff and the putative class to loan rescission

3  cannot be certified as a matter of Ninth Circuit law.

4  IV.   Orders Re Amendments To Pleadings.

5       1.   Plaintiff may amend the pleadings to name other

6  entities in the loan "chain."  Plaintiff proposes that since the

7  identity of these potential Defendants cannot be known until

8  further discovery is conducted, that the court allow amendments

9  to the pleadings to that effect until December 15, 2008.

10 Defendant denies that Plaintiff is entitled to amend his

11 complaint to the extent that any proposed amendment fails to

12 satisfy the requirements of Fed. R. Civ. P. 15.

13 V.   Factual Summary.

14      A.   Admitted Facts Which Are Deemed Proven Without Further

15 Proceedings.

16           1.   Plaintiff is an individual resident of the Eastern

17 District of California.

18           2.   Defendant, Guild Mortgage Company, is a

19 corporation incorporated in the State of California, with its

20 principal place of business in the Southern District of

21 California at San Diego.

22           3.   Plaintiff, Adam Nelson, is a consumer who obtained

23 an Option ARM mortgage loan from Guild Mortgage.

24      B.   Contested Facts.

25           1.   The parties dispute whether disclosures provided

26 to Plaintiff regarding his Option ARM loan violated federal

27 and/or state law.

28           2.   All other facts are contested.

1  VI.  Legal Issues.

2      A.   Uncontested.

3          1.   Jurisdiction exists under 28 U.S.C. § 1331 and the

4  Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.

5          2.   Venue is proper under 28 U.S.C. § 1391.

6          3.   The supplemental jurisdiction of the Court is

7  invoked under 28 U.S.C. § 1367, as Plaintiffs have claims for

8  alleged unfair competition under California Business &

9  Professions Code §§ 17200 et seq.; rescission; and related

10 issues.

11     B.   Contested.

12         1.   All remaining legal issues are contested.

13 VII. Consent to Magistrate Judge Jurisdiction.

14     1.   The parties have not consented to transfer the

15 case to the Magistrate Judge for all purposes, including trial.

16 VIII.    Corporate Identification Statement.

17     1.   Any nongovernmental corporate party to any action in

18 this court shall file a statement identifying all its parent

19 corporations and listing any entity that owns 10% or more of the

20 party's equity securities.  A party shall file the statement with

21 its initial pleading filed in this court and shall supplement the

22 statement within a reasonable time of any change in the

23 information.

24 IX.  Discovery Plan and Cut-Off Date.

25     1.   Plaintiff's proposal:  Plaintiff will be seeking

26 discovery related to Defendant's conduct in connection with the

27 formulation, development, implementation and marketing of

28 adjustable rate mortgages and home equity loans.  Plaintiff does

not believe that bifurcation between "class discovery" and "merits discovery" is appropriate given that issues relating to certification of the class and Defendant's liability are inextricably intertwined.  However, Plaintiff does believe that the parties' initial discovery efforts should be concentrated on documents and facts that will have an impact on whether class certification is appropriate.

2.   Defendant Guild Mortgage Company's proposal: In the pre-class certification phase of discovery, Defendant Guild Mortgage will be seeking discovery related to the merits of Plaintiff's individual claim and his adequacy to serve as a representative of the putative class.  Guild Mortgage proposes that initial discovery be limited to discovery about Plaintiff's individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase I Discovery"), with discovery about the claims of the absent class members ("Phase II Discovery") deferred until after the Court's ruling on class certification.  Guild Mortgage believes that the class certification question is a threshold issue that should be decided early in the litigation, as it will promote settlement discussions and will help the parties and the Court manage the case most effectively and efficiently.  *See* Fed. R. Civ. P. 23(c)(1) (stating that the court should decide certification "[a]s soon as practicable" after commencement of a case filed as a class action); *see also* Manual for Complex Litigation, § 21.04 (4th Ed.) (stating that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations.").  Guild Mortgage proposes that the Court hold a further status conference

following its decision, if any, on class certification.  If a class is certified, the parties and the Court could address at that conference the appropriate scope and extent of Phase II discovery, if any.

2.    The parties' initial disclosures shall be made pursuant to Rule 26(a) on or before September 3, 2008.

3.    Stipulation re: Electronically Stored Information:  The parties will propose and endeavor to file a Joint Stipulation covering the production of electronically stored information on or before September 15, 2008.

4.    The parties have not agreed as to limitations on discovery.

5.    Class Certification: Plaintiff shall file its class certification motion on or before January 14, 2009.  Defendant's opposition shall be filed on or before February 13, 2009.  Plaintiff's reply shall be filed on or before March 6, 2009.  The motion for class certification shall be heard on March 30, 2009, at 10:00 a.m.

6.    Further Scheduling Conference:  Once the issue of class certification is determined, a Further Scheduling Conference shall be held to fix the remaining dates for the resolution of this action.

X.    Motions - Hard Copy.

1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with protruding numbered or lettered tabs so that the Court can easily identify such exhibits.

1  XI.  Trial Date.

2      1.    Plaintiff demands a jury trial.  Defendant has not

3  demand a jury.

4      2.    Counsels' Estimate Of Trial Time:

5           a.    Based on the determination of whether the case is

6  certified as a class action, the estimate is up to 4 days if it

7  is not a class action; the estimate is 14-21 days, if a class is

8  certified.

9  XII.  Settlement Conference.

10     1.    A Settlement Conference will be set in accordance with

11  the outcome of the class certification motion.

12     2.    Unless otherwise permitted in advance by the

13  Court, the attorneys who will try the case shall appear at the

14  Settlement Conference with the parties and the person or persons

15  having full authority to negotiate and settle the case on any

16  terms at the conference.

17     3.    Permission for a party [not attorney] to attend

18  by telephone may be granted upon request, by letter, with a copy

19  to the other parties, if the party [not attorney] lives and works

20  outside the Eastern District of California, and attendance in

21  person would constitute a hardship.  If telephone attendance is

22  allowed, the party must be immediately available throughout the

23  conference until excused regardless of time zone differences.

24  Any other special arrangements desired in cases where settlement

25  authority rests with a governing body, shall also be proposed in

26  advance by letter copied to all other parties.

27     4.    Confidential Settlement Conference Statement.

28  At least five (5) days prior to the Settlement Conference the

9

1   parties shall submit, directly to the Magistrate Judge's

2   chambers, a confidential settlement conference statement.   The

3   statement should not be filed with the Clerk of the Court nor

4   served on any other party.   Each statement shall be clearly

5   marked "confidential" with the date and time of the Settlement

6   Conference indicated prominently thereon.   Counsel are urged to

7   request the return of their statements if settlement is not

8   achieved and if such a request is not made the Court will dispose

9   of the statement.

10        5.   The Confidential Settlement Conference

11  Statement shall include the following:

12             a.   A brief statement of the facts of the

13  case.

14             b.   A brief statement of the claims and

15  defenses, i.e., statutory or other grounds upon which the claims

16  are founded; a forthright evaluation of the parties' likelihood

17  of prevailing on the claims and defenses; and a description of

18  the major issues in dispute.

19             c.   A summary of the proceedings to date.

20             d.   An estimate of the cost and time to be

21  expended for further discovery, pre-trial and trial.

22             e.   The relief sought.

23             f.   The parties' position on settlement,

24  including present demands and offers and a history of past

25  settlement discussions, offers and demands.

26  XIII.  Request For Bifurcation, Appointment Of Special Master,

27  Or Other Techniques To Shorten Trial.

28        1.   The parties have not specifically agreed on whether

10

1  discovery should be conducted in phases.  This will be addressed

2  at a discovery conference to be held September 17, 2008, at 8:15

3  a.m.  All parties may appear telephonically.

4  XIV.  Related Matters Pending.

5       1.    There are no related matters.  However, there are a

6  multitude of nearly identical "Option ARM" class actions pending

7  against other Defendants throughout California's federal judicial

8  districts.

9  XV.  Compliance With Federal Procedure.

10       1.    The Court requires compliance with the Federal

11  Rules of Civil Procedure and the Local Rules of Practice for the

12  Eastern District of California.  To aid the court in the

13  efficient administration of this case, all counsel are directed

14  to familiarize themselves with the Federal Rules of Civil

15  Procedure and the Local Rules of Practice of the Eastern District

16  of California, and keep abreast of any amendments thereto.

17  XVI.  Effect Of This Order.

18       1.    The foregoing order represents the best

19  estimate of the court and counsel as to the agenda most suitable

20  to bring this case to resolution.  The trial date reserved is

21  specifically reserved for this case.  If the parties determine at

22  any time that the schedule outlined in this order cannot be met,

23  counsel are ordered to notify the court immediately of that fact

24  so that adjustments may be made, either by stipulation or by

25  subsequent scheduling conference.

26       2.    Stipulations extending the deadlines contained

27  herein will not be considered unless they are accompanied by

28  affidavits or declarations, and where appropriate attached

1  exhibits, which establish good cause for granting the relief

2  requested.

3       3.    Failure to comply with this order may result in

4  the imposition of sanctions.

5

6  IT IS SO ORDERED.

7  Dated:   **August 20, 2008**              **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28